# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JOHN J. CASTELLANO,

          Plaintiff,

v.

REBECCA MAHIN and WISCONSIN
DEPARTMENT OF CORRECTIONS
DIVISION OF COMMUNITY
CORRECTIONS,

          Defendants.

Case No. 17-CV-598-JPS

**ORDER**

        Plaintiff John J. Castellano, who is incarcerated at Racine Correctional Institution, proceeds in this matter *pro se*. He filed a lengthy complaint alleging that the defendants violated his constitutional rights. (Docket #1). The Court ordered Plaintiff to supply an amended complaint in compliance with, *inter alia*, Rule 8 of the Federal Rules of Civil Procedure. (Docket #11 at 7). Plaintiff did so on June 7, 2017, submitting a succinct three-page amended complaint. (Docket #12).

        As noted in its May 30, 2017 screening order on the initial complaint, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. *See* (Docket #11 at 1); 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). The same standards cited in the original screening order apply here. (Docket #11 at 1-3).

Plaintiff's amended complaint alleges that Defendant Rebecca Mahin ("Mahin") was his parole agent from June 18, 2013 to January 17, 2014. (Docket #12 at 1). Plaintiff claims that in enforcing various parole rules against him, Mahin violated his constitutional rights. *Id.* at 1-3. These include an alleged violation of Plaintiff's First Amendment rights "by intimidating him writing: '[Y]ou **SHALL** place your initials at the end of each specific rule to show you have read the rule.'" *Id.* at 1. In the same vein, Plaintiff claims his First Amendment rights were violated when Mahin sought to revoke Plaintiff's parole for his refusal to sign the parole rules. *Id.* at 2. Plaintiff contends that other of his constitutional rights were violated when Mahin enforced his parole rules on computer access (First Amendment), employment (First Amendment), GPS monitoring (Fourth Amendment), and incarcerating him for parole violations, thereby interfering with his medications (Eighth Amendment). *Id.* Finally, Plaintiff maintains that Mahin violated his Equal Protection rights under the Fourteenth Amendment by seeking revocation of his parole. *Id.* at 2-3.

Most of Plaintiff's claims are the proper subject of a petition for a writ of habeas corpus. The Seventh Circuit holds that conditions of probation are a form of custody. *Drollinger v. Milligan*, 552 F.2d 1220, 1225 (7th Cir. 1977). A challenge to those conditions is an attack on the fact and/or duration of the plaintiff's confinement, which "is the traditional function of the writ of habeas corpus." *Id.* Now that Plaintiff's parole has been revoked and he is incarcerated, any potential habeas relief has been rendered moot. Further, the plaintiff may not proceed on a claim "for having been recommitted based on the violation of release conditions that he contends are unconstitutional[.] . . . A successful damages claim would vitiate the basis for his commitment, and *Heck v. Humphrey*, 512 U.S. 477 . . . (1994),

bars civil damages actions where a 'judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence.'" *Henderson v. Bryant*, 606 F. App'x 301, 304 (7th Cir. 2015). To the extent Plaintiff was revoked on any of the complained-of conditions, *Heck* bars any claim.

In a similar factual scenario, *Henderson* identified one type of claim that could survive screening:

> Henderson appears to seek damages for having had to endure for three months the restrictive conditions of release (or abusive actions of the defendants) that did not lead to his recommitment but which he contends to have been unconstitutional. Because a successful damages action challenging those conditions or actions would not imply the invalidity of his current confinement, *Heck* does not bar a § 1983 claim challenging them. But these claims face a different hurdle: insofar as they seek damages from the defendants for enforcing release conditions that a court specifically ordered, the defendants may be protected by absolute quasi-judicial immunity, which would bar any recovery. But for two reasons it is too soon to treat these claims as blocked by absolute immunity. First, Henderson contends that, by barring all contact with family members and entering and searching his home at night while he slept, the defendants enforced the court's order in an unconstitutional manner; a claim that a defendant enforced a court order in an unconstitutional manner is not necessarily barred by quasi-judicial immunity. Second, the defendants have not yet been served and so have not yet advanced any defenses, which the district court should ordinarily consider in the first instance. Henderson may thus proceed on this one aspect of his case.

*Id.* at 304-05 (citations omitted).

The complaint and related exhibits do not clearly explain the full extent of the conditions to which Plaintiff was subject, the criminal case or other action in which those conditions were imposed, and a complete list of the reasons for his latest parole revocation. Without these facts, the Court

cannot conclude that all of Plaintiff's claims are invalid. However, upon appearance by Mahin, the remainder may be dismissed pursuant to applicable affirmative defenses, such as immunity or the *Heck* doctrine, if the facts show that Plaintiff's current confinement is pursuant to a violation of the conditions. *Id.* Still, those considerations must wait until Mahin has had an opportunity to respond to Plaintiff's amended complaint.

In sum, the court finds that Plaintiff may proceed on the following claim pursuant to 28 U.S.C. § 1915A(b): Mahin's imposition of conditions of probation beyond those permitted by the applicable criminal judgment(s) or other valid orders imposing the same, or the imposition of existing conditions in an unconstitutional manner, in violation of Plaintiff's rights under the First, Fourth, Eighth, and Fourteenth Amendments. Plaintiff is not permitted to proceed on a claim for injunctive relief related to enforcement of the parole supervision rules; a claim for past wrongs is moot because he is now in prison, and a claim for future wrongs is premature because no parole rules have yet been imposed. *Id.* at 304.[1]

Accordingly,

**IT IS ORDERED** that the Defendant Wisconsin Department of Corrections Division of Community Corrections be and the same is hereby **DISMISSED** from this action;

---

[1] In addition to Mahin, Plaintiff names the Division of Community Corrections, an arm of the Wisconsin Department of Corrections, as a defendant. The Eleventh Amendment generally precludes a citizen from suing a State or one of its agencies or departments in federal court. *Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001). The only relevant exception would be if Plaintiff sought prospective equitable relief, but as noted above, he cannot do so. The Wisconsin Department of Corrections must be dismissed from this action.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of plaintiff's amended complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on the state defendant; and

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, the defendant shall file a responsive pleading to the amended complaint within sixty (60) days of receiving electronic notice of this order.

Dated at Milwaukee, Wisconsin, this 13th day of June, 2017.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge